**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J Christenson, | No. CV-23-00181-TUC-JCH |
| Plaintiff, | **RAND NOTICE** |
| v. | |
| Alice Schroder Warren, et al., | |
| Defendants. | |

Defendants have filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. The Court is responsible for making sure a *pro se* prisoner is "aware of the requirements and consequences" of a motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." *Id.*

///
///
///
///

## NOTICE – WARNING TO PLAINTIFF
*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

Defendant's Motion for Summary Judgment seeks to have your case dismissed.[1] A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. In other words, if there is no real disagreement about any fact that would change the outcome of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); Fed. R. Civ. P. 56(e). When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. *See* Fed. R. Civ. P. 56(e). Instead, you must set out specific facts—in declarations, depositions, answers to interrogatories, and/or authenticated documents, as provided in Rule 56(e)—that contradict the facts shown in the Defendant's declarations and documents. You must show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *See* Fed. R. Civ. P. 56(a).

There are additional requirements under the Local Rule of Civil Procedure 56.1(b), which comes from the Rules of Practice and Procedure of the U.S. District Court for the District of Arizona. Local Rule 56.1(b) also requires (in addition to your response to the Motion for Summary Judgment) that you include a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the defendants' separate statement of facts:

---

[1] Plaintiff is informed that a Handbook for Self-Represented Litigants is available on the Court's website at: https://www.azd.uscourts.gov/handbook-self-represented-litigants.

> (b) **Controverting Statement of Facts.** Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. No reply statement of facts may be filed.

LRCiv 56.1(b). You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> (e) **Citations in Memoranda.** Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion.

LRCiv 56.1(e). You must also comply with the following provisions of Rule 7.2 of the Local Rules of Civil Procedure:

> (e) **Length of Motions, Memoranda and Objections.**
>
> (1) Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.
>
> (2) Unless otherwise permitted by the Court, a reply including its supporting memorandum may not exceed eleven (11) pages, exclusive of attachments.
>
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2. You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendant's Motion for Summary Judgment as a consent to the granting of that motion without further notice, and judgment may be entered dismissing this action with prejudice pursuant to Local Rule of Civil Procedure 7.2(i). *See also Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam).

Accordingly,

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for Summary Judgment (Doc. 106), together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than **August 2, 2024**.

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 3rd day of July, 2024.

_____
John C. Hinderaker
United States District Judge