**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J Christenson,<br><br>    Plaintiff,<br><br>v.<br><br>Alice Schroder Warren, et al.,<br><br>    Defendants. | No. CV-23-00181-TUC-AMM<br><br>**ORDER** |

    Pending before the Court are three motions: (1) Plaintiff's First Motion for Sanction of Defendants and Defendants' Counsel (doc. 118); (2) Defendants' Motion for Clarification (doc. 120); and (3) Plaintiff's Discovery Motion (doc. 123).

    The parties have had ongoing discovery disputes related to Defendants' nonproduction of various CT scans, x-rays, and MRI imaging related to Plaintiff's medical care. Plaintiff cannot possess the original imaging discs for prison security reasons. Upon Order of the Court, Defendants sent Plaintiff paper copies of the images and agreed to send the original imaging discs to a third party of Plaintiff's choosing. (*See* doc. 122.) These actions satisfy the Order to Show Cause (doc. 119) and the Court finds that Defendants are in compliance with the Court's June 11, 2024 Order (doc. 96), provided that they <u>immediately</u> follow through with mailing copies of the imaging from St. Mary's Hospital to Plaintiff as soon as Defendants receive the disc. (*See* doc. 122 at 2, n.1.) Accordingly, sanctions are not appropriate at this time.

    Plaintiff asks the Court to order Defendants to provide paper copies of the requested

1  images in a different format. (Doc. 123.) Defendants mailed a PDF of 500+ images to
2  Plaintiff, with nine images per page. (Doc. 120 at 2.) Plaintiff argues that the images are
3  tiny, unreadable, and useless. (Doc. 123 at 2.) Plaintiff attached a sample page of the
4  images with his motion. (Doc. 123-1.) Although slightly grainy, the images are readable to
5  the Court. Without more information on Plaintiff's intended use and why the images as
6  provided are insufficient, there is no basis to find that these images do not meet Plaintiff's
7  needs. Defendants have made the imaging discs available and provided paper copies of the
8  images directly to Plaintiff. Requiring Defendants to also provide 500+ images "printed
9  one per page, single sided" would be unduly burdensome under Fed. R. Civ. P. 26(b)(1).
10 If Plaintiff prefers larger copies of the images, he is free to coordinate with his chosen third
11 party to obtain prints from the imaging discs in his desired sizes and quantity.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (doc. 118) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Clarification (doc. 120) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Discovery Motion (doc. 123) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants **shall file either** (1) a certification to the Court that all imaging has been provided to Plaintiff and all imaging discs have been provided to Plaintiff's chosen third party; **or** (2) a status update with the Court every **seven (7) days** from the date of this Order, detailing all steps taken to comply with the Court's Orders, until Defendants have provided all imaging to Plaintiff as directed.

Dated this 14th day of August, 2024.

_____
Honorable Angela M. Martinez
United States District Judge