John J. Christenson #268077
ASPC-Tucson-Whetstone 2-B-57
PO Box 24402
Tucson, Az 85734

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DESTRICT OF ARIZONA

| | |
|---|---|
| John J. Christenson<br>Plaintiff,<br><br>V.<br>Alice Schroder Warren et al.<br>Defendants | Case Number CV-23-00181-Tuc-AMM<br><br>PLAINTIFF's MOTION IN RESPONCE TO DEFENDANT's MOTION FOR SUMMARY JUDGEMENT. (DOC. 106). |

    John, J. Christenson, Plaintiff hereby respectfully request that this Court move for denial of Summary Judgement for all named Defendants, as Plaintiff's April 11, 2023, Preliminary Injunction (Doc. 1,2&5) violation of Eighth Amendment for deliberate Indifference to a serious medical needClaims against them are fully justified by the motions, declerations, attachments, and exhibits previously filed with this Court and in Plaintiff's Responce to Defendants Motion for Summary Judgement including all attachments, declerations, exhibits, Memorandum of Points and Authorities, seperate Statement

of Facts ("SOF") filed simultaneously herewith, and the entire record before this Court.

"Defendants do not dispute that Plaintiffs degenerative hip condition constituted a serious medical need. see (Doc. 106, p.15, l. 12 ∤ 13).

Based on knowledge and belief combined with 439 pages of constructive evidence, exhibits, and SOF, Plaintiff will once again show this Court Deliberate Indifference by ALL named Defendants, and that For profit Naphcares supposed policies in fact reflect a pattern, practice, and policy of constitutionally inadequit healthcare, deliberate indifference lying, obfuscating, gameplaying, bad business practice, breach of contract with inmates and ADCRR, and on-going failure to follow Fed. R. Civ. P. and Federal Court Orders, including but not limited to this Court. see (Ex. K, p. 1-28).

Plaintiff's past filings including all attachments, declarations and exhibits, including this motion with it's included extensive constructive evidence, SOF, combined with Plaintiff's first hand experience (Knowledge and belief) of Defendants deliberate lying, failure to provide needed medical treatment and equipment, deliberate improper diagnosis, and deliberately improperly treated extreme chronic nociceptive pain (injury) for over sixteen months from severe end stage osteoarthritis, collapsed bi lateral

femeral heads (ball portion of both Femur bones collapsed), osteophytes and spurs (destruction of hip socket), eburnation, direct bone on bone grinding, and progressive advanced avascular necrosis (extremly painful bone death), see (Ex. A, p. 1-22 & Ex. B, p. 1-8), resulting in forced ambulation and exercise, and prolonged unnecessary extreme chronic nociceptive pain (injury), for over sixteen (16) months.

All orthopedic specialists recommended immediate total hip replacement (arthroplasty) as a result of the severity of the diagnosed degeneration from January 17, 2023, resulting in the total replacement of both the hip socket and femoral heads on both hips. see (Ex. A p. 1-22), proving the integrity and necessity of Plaintiff's Preliminary Injunction, and this Court Forcing Napheare to provide the needed corrective surgeries and medical equipment, as Defendants have maintained a position that all of Plaintiff's needs were alleged (implied not proven). see (Ex. L, p.16, L. 22).

Due to the advancement of the avascular necrosis (bone death), the chances of the Femur bone shattering during posting (implanting of a new titanium femur) grew with each passing day, further enhancing the need for a Preliminary Injunction.

Plaintiff Fully believes that without forced Court involvement the surgical remedies would NEVER have have occured as evidenced by Defendants and Defendants Counsel continued lies, delay, and denial For such.

The previously filed documentation along with the failure of Defendants and Defendants Counsel to comply with discovery requests, motions to compell, multiple Court orders and complete failure to provide ANY dispositive imaging relative and paramount to this case in an attempt to mask, hide, deny or obfuscate the extreme severity of Plaintiff's severally degenerated hips further amplifies Defendants deliberate indifference and disregard for the sacred, trusted hypocratic oath, and abject failure to provide contractual obligations they are paid to provide.

Denial of Summary Judgement to all named Defendants is further warrented by the fact have NEVER provided any sworn testimony and/or declaration by any of Plaintiff's treating specialists that disputes this Plaintiff's sworn declerations that the orthopedic specialist's stated that Plaintiff's hips were the "most severally degenerated hips they had ever seen". Both specialists also stated that "avascular necrosis is an extremely painful progressive disease" (injury). see(EX.B, p. 1-18).

Both orthopedic specialists provided clear timeframes for surgical proceedure, post and pre operative medications and equipment. And all of those qualified specialized medical proffessionals reccomendations were ignored, delayed, or modified by non-qualified named defendants. see section V of this filing p.46, pp 2 ), (EX. D, P.44), and

(EX. E, p.23) and (EX. J, p. 1,2,3,6,10,15,16,19),$ (Doc. 77, 77-1, $77-2).

Defendants cannot produce any opposing declarations from Plaintiff's orthopedic specialists as they refuse to support Defendants lies and deliberate indifference.

Defendants for profit Naphcare default policy of supposed "conservative measures" as primary and only treatment for Plaintiff's extreme immediate medical need, is as unconstitutional as it is cruel. For profit Naphcare's policies do not conform with constitutional standards. For profit Defendant Naphcare's policy, pattern and practice is designed to draw out, run down, scare, or otherwise make the resolution to medical problems as cumbersome to navigate as possible, for the few individuals determined enough to persevere until and through Court action.

The only option available to Plaintiff to have his urgent medical needs (injury) resolved was by filing Health Needs Requests ("HNR's"), and after no result then utilizing the grievance process (administrative remedy) is the only remaining option except to file in federal Court, and this never should have been a necessity as Plaintiff's bilateral complete hip replacements (EX. A, p. 1-4) reflect the accuracy and necessity of Plaintiff's Preliminary Injunction and resulting filings.

The grievance process involves all of the named Defendants and many other Defendant Naphcare employees.

In accordance with Defendant Naphcares policies and ADCRR Department Order Number 802, Plaintiff has filed sixteen (16) complete grievances (administrative remedies) see (Ex. D, p. 1-86), and at NO point has the grievance process been fully adhered to and mostly ignored by all of the named Defendants or any other Defendant Naphcare personell on any level. Ever, showing deliberate indifference to Plaintiff's serious medical needs. see (D.O. 802, Ex. D, p. 1-86, & Ex. I p. 21 & 22.)

Defendants have never provided this Court any evidence of any kind of any communication between any named Defendants and/or any other Defendant Naphcare or ADCRR personell, despite multiple discovery requests, multiple Court orders, motions to compel and seventeen (17) months of opportunity to provide such.

Defendants have not produced one single e-mail in regard to Plaintiff's injury, showing showing complete and total deliberate indifference on all levels to Plaintiff's extreme chronic nociceptive pain (injury) see (Ex. A, p. 24), showing complete and total disregard, distain, and contempt for the Plaintiff and this Court.

For these and many other reasons summary judgement should be denied to all named Defendants, with predjudice.

This motion is supported by the following Memorandum

of Points and Authorities and seperate statement of Facts("SOF") Filed simultaneously herewith, and the entire record before this Court.

Defendants have not and cannot produce any constructive evidence at all at any point to this Court.

MEMORANDUM OF POINTS AND AUTHORITIES

I

A.) Plaintiff had been incarcerated from October 13, 2021, until December 19, 2022 at Maricopa County Jail(MCSO) and during such time Plaintiff was Wheelchair ("WC") bound and housed in a ADA (American disabilities Act) medically correct facility with multiple pain medications see (EX.E, p. 1-18), until tranfer to ASPC-Alhambra.

Plaintiff is currently and/or has been incarcerated at Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR"), Arizona State Prison Complex-Alhambra, ("ASPC") and ASPC-Tucson Complex (unit) since December 19, 2022. At no time with deliberate difference has naphcare provided Plaintiff with ADA qualified housing or facilities, over twenty one (21) months.

At all times from December 19, 2022, until current Defendant for profit Naphcare and its various personnel including all named defendants have been the only contracted entity responsible for aspects of Plaintiffs medical care including timely effective

constitutionaly adequit treatment for Plaintiffs
extreme chronic nociceptive pain (injury), provide adequit
Medical equipment and corrective surgeries. (DOC. 106, p. 15,
l. 11, 12, 13).

At all times Defendant Warren was Plaintiffs only
treeting provider as a Nurse Practioner ("NP").

PLAINTIFF'S COMPLAINT AND MOTION

B.) On April 11, 2023, as a result of deliberate indifference
to Plaintiffs serious medical needs (Doc. 106, p. 15, l. 12
& 13) direct lies (Ex. D, p. 1-4) and (Ex. J, p. 1-22), refusal to
provide needed medical equipment (Ex. D, p. 1-4) and (Ex. G, p. 6-9),
failure to follow any internal grievance policies (D.O. 802),
refusal to arrange a consult with a pain management
specialist ("pms"), a consult with Defendant Salazar,
Site Medical Director ("smo"), the only actual medical
doctor (m.D) on the entire unit, and refusal to provide
any effective pain solutions including therapy, cortisone
shots, or medications.

Plaintiff alleges and proves that Defendant Napheare
has a known policy, pattern and practice of denying,
delaying and lying about the needs of inmates including
Plaintiff to bolster profits in their inadequit,
unconstitutional for profit care. As a result of the
trickle down effect of deplorable medical care and
total failure to provide contractually obligated and

paid For employee quantity, quality and qualification.
see (Ex. h, p. 1-28).

Plaintiff Filed his civil Rights complaint as
Plaintiff was determined not to allow that the Defendants
Force Plaintiff to ambulate in extreme chronic
nociceptive pain For the duration of his Five year
sentence.

Plaintiff has allways been open, honest, and correct
with the Defendants and this court in regard to his
medical needs, as evidenced by bilateral total hip
replacements. see (Ex. A, p. 1-25) including Plaintiffs
continued request For his ignored nociceptive pain that
was totally ignored by all Defendants even as it was well
known by Defendants since January 9, 2423. see (Ex. A, p. 24).

Plaintiff Filed his Preliminary Injunction (Doc. 1,2;5)
to effect a rapid resolve For his serious medical need,
(injury) as with direct purposefull greedy sociopathic policy,
Defendant Naphcare refuses to hire enough medical
personel to adequitly serve the needs of incarcrated
individuals including this Plaintiff. There is only one
Nurse Practiner ("NP") Provider, and one Site Medical
Director ("SMD") For thousands and thousands of inmates
including this Plaintiff with constitutionally adequit
medical care in direct violation of their contractual
obligations to inmates. see (Ex. h, p. 1-28).

Even with direct involvement by this Court, Defendants still allowed this Plaintiff to suffer (injury) For over sixteen (16) months until this Court demanded surgical remedy resolving all hips and related issues, with both left and right (bi-lateral) total hip replacements. See (Ex. A, p. 1-4).

C.) Plaintiff Filed his 1983 Civil Rights Complaint and motion on April 14, 2023, requesting only Five reasonable actions. One, a MRI, that did not occur until July 15, 2023, Two, a consult with an Orthopedist that did not occur until September 12, 2023, Three a rolling sit down Walker ("RSDW"), That was recieved on January 12, 2024, Four a permanent wheelchair ("WC") special needs order ("SNO"), Five adequit care regarding surgical remedy For both hips, that did not occur until April 3, 2024, and adequit pain medication For the duration. This never occured.

At this point this Court screened said motion and packet and this Court determined and has continued to maintain the position that Plaintiff's claim was valid and had satisfied the Four Winter Factors justifying the inition of the resulting on-going case.

Plaintiff respectfully does not waste the Courts time repeating the initial Filings. see (Doc. 1, 2, 5), and acceptance thereof by this Court. As of this Filing there has been over one hundred and twenty nine (129) additional

Filings, motions, pleadings, etc. At all times and Filings by Defendants their portrayal is one of complete superb medical care and conformity to constitutional standards while trying to portray this Plaintiff as a malingering, whining, liar to obtain opioids for a false set of needs. The total hip replacements validate all Plaintiffs Preliminary Injunction claims. The diagnosis by all involved orthopedic specialists is irrefutable. see(Ex.A, p. 1-25) and (Ex.B, p. 1-8).

PLAINTIFF'S RELEVANT

## II    MEDICAL TREATMENT

In this section of this response to Defendant motion for Summary Judgement, Plaintiff will provide only a short accounting of the actions and available remedies to Plaintiff countering Defendants deliberate indifference to Plaintiffs extreme chronic nociceptive pain and failure to remedy the root cause. Plaintiff's proffered section three of this response along with the seperatly filed Statement of Facts ("SOF") will provide a clear consise accounting of all aspects of Plaintiffs medical care or lack thereof. This response will be further supported by the following declaration, and exhibits A thru L, and M (partial of Doc. 77).

Plaintiff does hereby respectfully inform this Court of the abject purposfull failure by all named Defendants to abide by their own policies and

constitutional obligations by complete dismissal of Plaintiff's numerous desperate requests for treatment of his known extreme chronic nociceptive pain (injury) through x-rays, MRI's and CT scans by submitting over senty six (76) Health Needs Requests ("HNR") see (ex.c, p.1-76), over twenty two(22) Health Service Encounters ("HSE"), twenty Inmate Letters ("IL") see (ex.I, p.1-22), sixteen Inmate Informal Complaint Resolutions ("IICR"), sixteen (16) grievances ("IG"), and sixteen (16) grievance appeals ("GA"), see (ex. D, p. 1-86).

   At no time has Defendants followed their policies in regard to the aformentioned grievance processes (administrative remedies) touted as the cure all for any medical issue. see (ex. I, p. 21 & 22) along with Department Order ("DO") 8 & 2.

   Defendants have NEVER been honest or direct with this Court as to the condition of Plaintiff's severally degenerated hips and related medical issues and needs. Defendants have only stated osteoarthritis in all filings as being Plaintiff's only medical condition (alledged) (see (ex. L, p.16, L.22 & 23), after being fully aware of the severity and urgency of the true medical issues for over fourteen (14) months in order to decieve this Court up to and including their filing of their motion for Summary Judgement (Doc.106) as is their policy, pattern, and practice. see (Doc.106, p.1, L.26) and (Doc.106, p.2, L.4), while also stating finally Plaintiff had a "...serious medical need...", see (Doc.106, p.15, L.13).

The grievance policy (administrative remedy) as dictated by Defendant Naphcare policy and ADCRR department order 802, involves the following Defendant Naphcare employees, including all named Defendants. The Nurse Practicioner (Defendant Warren), grievance coordinator, Assitent Directors of Nursing ("ADON") (Defendants Davie and Meyers) to investigate, review and resolve the needs of the complaintant with the assistance of the Director of Nursing. Then the grievance is moved on to the unit Facility Heath Administrator ("FHA") and the medical department's Medical Grievance Investigator ("MGI") reviews compliance Followed by Final review by the Contract Central Office Appeals Officer. This is the process followed for all medical grievances, for acceptable result.

This is the ONLY venue available that this Plaintiff has had to effect a positive timely medical resolve For his extreme chronic noiiceptive pain (injury) and/or to expidite disbursement of needed medical equipment, pain medication and therapy via surgical remedy outside of filing in Federal Court. see (ex. I, p. 21 #22) and D.O. 802.

All the aforementioned Defendant Naphcare personel communicate between all departments via e-mail only.

To date Defendants have never provided even one such e-mail despite multiple requests via IL's, IQ's, and GA's, multiple HNR's and production requests to the Defendant Naphcare team. Defendant Naphcare has

even denied repeated Court orders for such. Plaintiff has made numerous requests for such directly to Defendant Naphcare and Defendants Counsel. All the legitamat requests have been denied.

This is another blatent indication of deliberate indifference to Plaintiffs injury as no Defendant at any level ever appear to have communicated about Plaintiff "serious medical need," (Doc.106, p.15, L.13) despite their continuose proffered lies about doing so.

To date Plaintiff has filed over sixteen (16) complete grievances with not one Naphcare employee having the imptus to contact the Plaintiff or resolve his urgent medical needs, at any time.

Plaintiff does hereby state under penalty of perguiy that all exhibits proffered are true, correct, accurate, and filed with the appropriate personell in the appropriate time frames without ever recieving adequit resolve to needed medical action.

In almost all cases Plaintiffs submissions to medical staff resulted in no responces or irrelevant non-sensical comentary completely validating relevant case law.

Contrary to Defendants claims of Plaintiff having no pain (injury) upon arrival at Aspc-Alhambra from meso, and stating that Plaintiff was not taking any medications prior to either Alhambra and at

unit, Plaintiff proffers constructive evidence to show that Plaintiff was indeed in chronic pain at all times and Napheare was aware of such since day one at ASPC-Alhambra and had continuose knowledge thereafter, fully aware of Plaintiff's ADA needs as well. see(EX.E, p. 1-18).

In addition ADCRR Department Order number 1104 sections 4.0 through 4.8 provide specific instructions to Defendant for profit contracted Napheare on inmates medical records during transfer from intake at ASPC-Alhambra from meso and on to ASPC-Tucson-Complex ("unit"). This process demands seamless transfer of said records, and mandatory review upon inmate arrival at any and all ADCRR facilities.

Continuity of care is absolutely requiered from admission from meso, at and between all ADCRR facilities and up to final discharge to the community of inmate. The contracted for profit Defendant Napheare is the entity charged with this responsibility at all times to ensure full compliance.

At all times during any transfer an inmate is escorted with all complete medical documentation between meso and all ADCRR facilities. Transfer does not occur without said records including specifically form number 1101-8. This continuity of care form number 1101-8 has never been provided to this Plaintiff or this Court

15

in a deplorable effort to obfuscate Plaintiffs urgent medical needs and the knowlege thereof.

Plaintiff hereby respectfully submits constructive evidence of Plaintiff being wc bound while incarcerated at MCSO until transfer to ASPC-Alhambra by presenting a copy of an e-mail regarding such from Plaintiff's criminal defence attorney, Anea Iacob, to the County prosecutor while housed at MCSO from October 13, 2021 through December 19, 2022, and prior as stated to Defendant Napheare employee, RN Barbara Floyd upon intake, see (Ex. E, p.1). Floyd determines Plaintiff has chronic pain, is ADA qualified any continues Plaintiff's watch/swallow medications and orders Plaintiff a new rolling sit down Walker ("nsw").

R.N. Floyd assures Plaintiff all his medical needs will be addressed at his Final destination, ASPC-Tueson-Manzanita ("init"), including all hip and related issues, see (Ex. E, p. 1-18) and (Ex. h, p. 1-18).

Defendants false claims and fabricated medical records along with deceitful declerations by Defendant Warren are complete total lies about Plaintiffs intake at Alhambra to again deny knowlege and culpability as is their known peattern, policy, and practice. see (Ex. E, p. 1-18) and (Ex. h, p. 1-28).

Defendants have NEVER shown adherence to their own policies or tried to provide constitunially adequit

health care. Showing total deliberate indifference, Defendants delayed, denied, or refused to send Plaintiff for any MRI or CT scans until July 19, 2023, even after being advised the need for such by Napheares own Dr. Kuehn, M.D., on January 17, 2023. see (EX.A, p. 7), and it took Defendant Napheare from December 19, 2022, until April 3, 2024, fifteen (15) months to perform under protest Plaintiffs urgently needed total hip replacements. Without this Courts intervention the needed medical procedures would NEVER have occured.

During Plaintiffs first HSE with Defendant Warren, stated that RSW's were banned by Defendant Salazar, SMO at the ASPC-Tucson-Complex. A complete and deliberate lie, backed up by additional lies from Defendant Davic, see (EX. D, p. 1-4) and (EX. J, p. 20-22). At no point in time did any of the named Defendants or any assigned overseers have the impetus to review and correct these blatant lies by the Defendants, forcing Plaintiff to ambulate in extreme chronic nociceptive pain (injury) until collapsing from the pain on January 28, 2023. Plaintiff was then forced to modify worn out push style walker from MCSO himself, to try for easier use. Defendant Warren promptly undid the changes. The RSW supposedly ordered by RN Floyd at Alhambra on December 19, 2022, was never recieved, and the supposedly banned RSW was ordered by Warren

17

on September 22, 2023, and recieved on January 12, 2024.
See (Ex. 6, p. 6 & 7), thirteen months after arrival at ADCRR.

At no point in time from December 19, 2022, until
June of 2024, did Defendant Warren Plaintiffs only
provider or any other Idophcare employee ever prescribe any
effective or appropriate nociceptive pain medication,
only ineffective anti-inflamatories, psych meds, and/or
neuropathic pain medications. Mostly only sub standard
over the counter lidocaine or solonpas patches. See (Ex. 4,
p. 1-16).

At no point in time from January 9, 2023, thru present
did Defendant Salazar smo ever have a consult with
Plaintiff or respond to countless requests for such and
seventy six (76) HNR's, twenty (20) IL's, and sixteen
(16) grievances. Defendant Warren refused to treat
Plaintiffs injury and denied access to a pain management
specialist ("pms"), after countless requests, and being
instructed to do so by APON Miller. See (Ex. D, p. 34).

At no point in time did Defendant Warren follow any of
Plaintiff's orthopedic specialists, Doctors, m.D.'s pain
medication directives in regard to type, dosage and
disbursement, in complete violation of ethical standard
and law, as Warren is a nurse (unqualified individual), Not
a Doctor or medical specialist (qualified individual) see.
Responce Motion section II p. , pp.e) (Ex. D, p. 44) and (Ex. F,

p. 23), along with (Doc. 77, 77-1, 77-2).

At no time from January 6, 2023, until present has anyone except Defendant Warren been the provider or responsible party for all of Plaintiff's medical care including but not limited to providing adequit effective nociceptive pain medication, arranging offsite specialty consults, ordering needed medical equipment, any therapies, overriding any and all other medical people's directives as per the supposed illegal, unethical, amoral policies of Defendant Naphcare with absolutely no oversite or accountability at all, combined with no recourse for patients or sanction of Defendant. see (Ex. D, p.44), (Ex. F, p.23) and (Ex. I, p.21), (Ex. J, p.1-22).

Defendant Naphcare and all its employees are encouraged to follow their illegal, unethical, amoral, dangerous, cost saving policies without regard or fear of sanction in an effort to boost profits. It is far more economical for Defendant Naphcare to pay the occasional fines or damages than to fullfill or follow their contractual obligations including the constitutional adequit absolute minimum standard of care. Only the inmates and tax payers are getting the short end of the stick. see (Ex. k, p. 1-28). Additionally ADCRR Hired Naphcare directly after being fined 700,000 $ by the BOP (Federal Bureau of Prisons, Pima County, Arizona docked 3.1

million $ for jail deaths from improper medical practice.

ADCRR is withholding 10 million per month for the last seven (7) months from Napheare for failure to provide contractual obligations. On knowledge and belief this Plaintiff is doubtfull of Napheare providing any care to ADCRR after the next state election cycle, Judge Rosyln Silver, Federal District Court Judge, Phoenix District is totally and completely amazed and tired of Defendant Napheare's failure to perform and direct lies, and falsification of inmate records. Defendant Napheare is now operating with her direct oversite and Court appointed monitors. see (Jensen v. Thornell case number 2:12-cv-00601-ROS, Doc. 4419, p. 1-67).

At no point from April 6, 2023, until September, 22 2023, after Court involvement did Defendant Warren provide a department ordered wc or wc special needs order ("sno") despite full knowlege of the need and belief for such, forcing Plaintiff extensive excuciating ambulation after numerouse requests from Plaintiff and notification in Court filings, while lying to this Court about not knowing of the lack of such. see (Ex. C, p.1-6) (Ex. 0, p.10) (Doc. 1,2,5 of this case filed 4-11-23) (Ex. D, p.1-9), (Ex. F, p.11 -13), (Ex. 6, p. 3 & 5) (Ex.L, p. 4, pp.11, p.5, pp. 13 & 14, p.7, pp. 21, p. 12, pp. 17, 18, & 19).

Plaintiff recieved inappropriate, incorrect, inadequit,

inetffective, subpar medication for his extreme chronic nociceptive pain at Defendant Warren's directive, including pre and post surgeries replacing both hips in a cruel deliberate manner to show her dominance and retribution for Plaintiffs utilization of the grievance process, forcing prolonged injury, until after transfer to a different prison unit, Dr. Parikh prescibed effective Tramadol in the correct dosage and interval beginning on April. 15, 2024. see (Doc. 77, 77-1, 77-2).

Defendant Naphcare has refused to align this Plaintiff with a different provider than Warren for over twenty one (21) months, emboldening and reinforcing Defendant Warrens, cruel, abusive, unethical, illegal, imoral behavior, validating her deplorable level of inadequit medical care.

Since this Courts involvement, Forcing the surgical replacement of both hips, and app. Five (5) months recovery from the April 3, 2024, surgery, Plaintiff walks and exercises daily and is basically pain free in his hips and has a greatly improved quality of life, along with no nevropathic foot pain.

Defendants finally stated on July 3, 2024, in document 106, p.15, L. 12 & 13, that "Plaintiffs degenerative hip condition constituted a serious medical need.", this could have been resolved long ago.

<u>PLAINTIFF's RELEVANT</u>

III    <u>MEDICAL HISTORY</u>

Plaintiff hereby respectfully submits only a short list of his medical history backed by an overwhelming aggregate of constructive evidence showing intentional continous deliberate indifference to Plaintiff's injury.

The previous section II, relevant medical treatment along with the following sections, decleration, attachments, exhibits, seperately filed statement of facts ("sof"), and all previously filed ducuments with this Court should more than validate Plaintiff's Preliminary Injunction including all aspects of relief. see (Doc. 1,2,5).

From December 19, 2022 thru to June 7, 2024, at all HSE's (twenty two) Plaintiff notified Defendants of his extreme chronic nociceptive hip pain, and requested consolts with Defendant Salazar, SMD and/or a pain management specialist ("pms"). During the sixteen (16) months the consults were requested, they never occured.

Prior to February 3, 2017, until incarceration on October 13, 2021, Plaintiff was a business owner, family man, and international traveler for family and business purposes. Covid 19 restrictions had also further postponed the needed surgical remedy to both hips.

On 2-3-2017, as a result of nociceptive hip pain, Plaintiff consolts with Dr. Cris Serefini, M.D., of Valley Spinal

Care x-rayed and diagnosed Plaintiff revealing bone on bone grinding and advanced osteoarthritis and resulting degeneration. Dr. Serefini, M.D., recommended bi-lateral hip replacements. see (EX. A, p. 20-26).

From approximately July, 2020 until incarceration on October 13, 2021, Plaintiff was we bound due to the increased severity of his hip degeneration and increase in related nociceptive pain.

From October 13, 2021, until December 19, 2022, Plaintiff was wc bound at Maricopa County Jail ("meso") housed in a ADA qualified cell with ADA qualified facilities. see (EX. E, p.1).

On December 19, 2022, Plaintiff was transferred from MCSO to ADCRR-Alhambra for intake into the Arizona State Prison System for a five (5) year sentence, upon transfer from meso to ASPC-Alhambra, meso issued Plaintiff a worn out push style walker and his multiple medications including Gabapentin at 2400 mg per day for neuropathic foot pain, tylenol and Ibuprophen for hip pain. MCSO refused to provide Plaintiff with a wc for transport to Alhambra stating that ADCRR never returns wc upon acceptance of tranferees, while at MCSO and at Alhambra all medications were watch/swallow. Upon intake the Plaintiff's chronic pain is noted. see (EX. E, p.13-18). Plaintiff

has initial medical screening. Plaintiff is told by Defendant Healthcare R.N. Ployd, that all his medical needs will be resolved at his Final medical unit. Final unit being ASPC-Tucson-Manzanita. Plaintiff's medical File and watch/swallow medications are transferred with Plaintiff. R.N. Floyd orders Plaintiff a new RSW and continuation of watch/swallow medications. see (Ex. D, p.2) and (Ex. Z, p. 2-12) Plaintiff was not housed in a ADA compliant manner from intake up till June 7, 2024, despite being an ADA qualified inmate.

On January 6, 2023, Plaintiff arrives at ASPC-Tucson-Manzanita ("unit") with his complete medical File and medications from Alhambra and has a HSE with Defendant Healthcare R.N. Carmichael.

On January 9, 2023, Plaintiff has his First HSE with Defendant N.P. Warren, Plaintiff arrives at unit with the same worn out push style walker. Warren is made Fully aware of Plaintiff's extreme chronic nociceptive pain and RSW needs. see (Ex. E, p.1) and (Ex. C, p. 1 & 2) via the complete medical File, and discussion. Plaintiff signs a release of information ("ROI") for Dr. Serefini. Warren continues prior medications, and supposedly ordered a new push style walker, that was never received. see (Ex. D, p.2). Warren issues a SNO for existing walker see (Ex. 4, p.1) (Ex. 4, p. 2) during HSE

the fact that the Gabapentin prescribed for Plaintiffs foot neuropathy, does nothing for the extreme chronic nociceptive hip pain. (Ex. A, p. 24). At this point Warren denies a pain management specialist, any new medication for nociceptive pain, and predetermines Plaintiffs future care deciding on physical therapy and exercise will solve all hip issues prior to recieving Dr. Serfini report or up to date x-rays.

During this HSE Warren directly lies to Plaintiff by stating Defendant Salazar, SMD told her "RSW's are banned at ASPC-Tucson-Complex. Defendant Davie ratifies this direct lie with another direct lie. see (Ex. D, p 1-4) and (Ex. J, p. 5,6, 7, 12,13, 20). Warren then orders a RSW for Plaintiff on 9-22-23, see (Ex. G, p. 6) and is finally recieved by Plaintiff on 1-12-2024, see (Ex. G p. 7) and (Ex. L, p. 11, pp. 12).

On January 10, 2023, Plaintiff files his first grievance on Warren for her direct lies and with deliberate indifference refused to provide any medical care. see (Ex. D, p. 4-4). Defendant Davie responds with her direct lie, and no one replys to the following grievance and grievance appeal, in complete violation of policy. This decision forces painfull ambulation for Plaintiff.

On January 11, 2023, Plaintiff files two (2) HNR's on extreme and a walker. see (Ex. C, p3 & 4). No result.

On January 13, 2023, during HSE with R.N. Carmichael, she notes my extreme chronic nociceptive pain for staff review. see (Ex. F, p. 2,3,4,5). Carmichael also denies a pain management consult and advises walk and exercise as much as possible.

On January 17, 2023, Plaintiff gets x-rays of hips at ASPC-Tucson-Medical-Hub. Warren reviews said x-rays. The damage is so obvious any layman would be able to tell they are severally degenerated and totally bone on bone. see (Ex. B, p. 1-8). Three qualified Doctors (M.D.) provide interpretations of said x-rays. see (Ex. A, p. 5-7). Dr. hvehu, M.D. recommends an MRI to determine the extent of avascular necrosis ("AVN") (extremely painfull progressive bone death) the additional interpertations from the MRI's and CT scans are seen as (Ex. A, p. 8-19) with associated medical definitions. see (Ex. A, p. 1-4). All of these interpertations show extreme damage to both hips (bi-lateral).

On January 27, 2023, during HSE with Warren, she denies she has the authority to arrange an MRI, nor is it necessary since it is only a suggestion. Warren states she has no ability to arrange consults with Defendant Salazar smo or pain management. All direct lies. see (Ex. J, p. 3,6,14,15, 16 19, & 20) (Ex. D, p. 44), Warren demands that Plaintiff walks and exercise as much as possible and iniates her inadequit pre determined plan of care. Physical Therapy ("PT"). see (Ex. p. 3 pp. 8) (Ex. L, p. 4, pp. 14)

On January 27, 2023, during same HSE Warren issues a

SNO to wear sneakers offsite and a SNO to use the
worn out walker that Plaintiff arrived with. see (Ex. 4, p.1 & 2)
Plaintiff signs a release of information for medical to attain
a report on Plaintiff's February 3, 2017, visit with Dr. Serefini
and Plaintiff's medication and nociceptive pain history as
Warren was not at all happy Plaintiff had full knowlege of
the true nature of his injury. see (Ex. A, p. 20-25) (Ex. A,
p. 24) reveals nociceptive pain. (Warren doubles down on her
predetermined plan of care of physical therapy and refuses
to continue the HSE. see (Ex. 4, p. 14).
    On January 27, 2023, Plaintiff files a grievance on
denial of a MRI defaulting to PT in a few months, completely
ignoring the severity of Plaintiff's condition and with
deliberate indifference disregards the reccomendation by
Dr. Kuehn, M.D.. see (Ex. D, p. 5-9). Plaintiff files a HNR
requesting said MRI. see (Ex. C, p. 5).
    On February 5, 2023, Haphcare employee R.M. Cosley denies
Plaintiff after collapsing in extreme nociceptive pain from
forced ambulation on 1-28-2023. Plaintiff files HNR on
this HSE. see (Ex. C, p. 6)
    On February 6, 2023, Warren angrily issues Plaintiff a
60 day SNO for said wc, stating the goal was to be out of
the wc in 60 days or less, and Plaintiff is to young to be
in a wc. Warren also states that if another inmate realy
need one she will confiscate it. see (Ex. 4, p. 4, pp 11 & p. 7, pp. 21).

27

On February 6, 2023, Plaintiff files IL's on denial of medical care and denying a wc sno by R.N. Coiley, as she had regarded Plaintiff with extreme contempt. The IL's were sent to Defendant Salazar, Dir Thornell, COII Altimirano, Contract Medical Monitoring Bureau Director Vanessa Headstream, and Deputy Warden Schmidt. see (EX. I, p. 1-5) with no responce.

Warren is extremely angry Plaintiff has a wc not issued by medical staff. see (EX. F, p.8). Warren yells that she alone decides who has a wc. see (EX.G, p.3).

On February 23, 2023, Defendant Napheares Leslie Rivera from Utilization review board, as well as on 3-3-2023, advises Warren to encourage Plaintiff's walker usage and avoid wc dependance. see (EX. F, p. 9 & 10).

This is more than two months after all napheare medical staff has had overwhelming evidence of Plaintiff's severe degeneration and resulting issues via multiple x-rays and prior medical record.

On March 6, 2023, during initial HSE with Defendant Biancardi, he states " there is nothing I can do for you as you are to far degenerated." Biancardi then implies that I did not need the neuropathic medication, as my pain is only "nociceptive" Plaintiff informs Biancardi of his intense foot neuropathy that the gabapentin was helping. see (EX. 4, p. 1, 5, 6, 7, & 10).

Biancardi refuses to initiate a MRI, pain mgt. consult, consult with Dr. Salazar, a wc sno, orthopedic consult,

or medication change. Defendants cannot produce any policy that support Biancardi claim he can't do anything.

Biancardi determines continued wc usage and Plaintiff is a Fall risk. see (Ex. J, p. 15 & 16) and (Ex. H, p. 1, 5, 6, 7 & 14) as well as (Ex. F, p. 11-13).

On March 7, 2023, Plaintiff Files a grievance on Defendant Biancardi's refusal to move Plaintiffs medical needs forward based on phantom policies. see (Ex. D, p. 14-15).

On March 8, 2023, 3-15-23 and 3-24-23, Plaintiff Files HNR's, requesting chronic pain treatment, orthopedic consultation. see (Ex. c, p. 7, 8, & 9).

On March 21, 2023, Plaintiff is issued a wc cushion, and denied a new wc SNO by Defendant Napheare NM Griffith. see (Ex. 4, p. 4).

On March 21, 2023, during HSE with Warren she refuses to re-issue a wc SNO. Warren refuses to provide any consults, pain medication or therapy. Warren said she would take the wc and Plaintiff needed to walk more and exercise as my overall weakness was the true issue.

On March 22, 2023, and 3-27-2023, Plaintiff Files two HNR's on pain. see (Ex. c, p. 1 & 11).

On April 11, 2023, Plaintiff Files his Preliminary Injunction (Doc. 1, 2, 5) in desperation for relief From his extreme chronic nociceptive pain, and deliberate indiff. by medical staff in this regard. Plaintiff

a rsw, permanent wc and SNO, MRI, adequit pain management. As is Defendant Naphcare's pattern, policy and practice these requests take a year to achieve, under extreme protest.

On April 12, 2023, Plaintiff files two HNR's on his on-going, on-treated pain. see (ex. c, p. 12 & 13)

On April 13, 2023, per Defendant Warren has medical staff confiscate his wc.

On April 13, 2023, Plaintiff starts renting a wc from inmate Butamonte for 30 $ per month inmate number 110753 @ 5-A-13-L.

On April 28, 2023, Plaintiff files a grievance for Defendant Naphcares failure to respond to seventeen HNR's. see (ex. D, p. 16-22).

On May 1, 2023 during HSE with Warren once again she denies Plaintiff a new wc SNO, RSW, consots, etc. and says "you must walk and exercise more to rebuild your leg muscles. Plaintiff asks Warren if she reviewed the medical file. Warrens responce was silence then told Plaintiff to leave her office.

On May 11, 2023, during HSE with Warren she stated Plaintiff was to young to be in a wc and thought it had been confiscated? Plaintiff informs her he is borrowing one from another inmate as he can't get to medical on the walker.

On June 1, 2023, and 6-5-23, Plaintiff Files two HNR's requesting a pain mgt. consult and/or Dr. Salazar. see (Ex. C, p. 14 & 15).

On June 6, 2023, during USE with Warren she states she cannot send Plaintiff for a consult with a pain mgt. specialist or Defendant Salazar. More filthy lies. see (Ex. J, p. 13, 15, & 16).

Warren Further states she can only prescibe gabapentin not opiods, although Plaintiff mentioned opiods. Warren then showing extreme deliberate indifference to Plaintiff by prescribing completely inappropriate and ineffective lidocaine patches and will issue a exercise phamplet despite knowing Plaintiff is a Fall risk and has extreme chronic nociceptive pain. see (Ex. H, p. 1, 2, 3, 5, 6, 7). Warren falsifies Plaintiffs medical record by claiming "recieved SMO and given WC" another lie (Ex. B, p. 14, 15, 16) (Ex. F, p. 17-22). Warren continued the neuropathic pain medication gabapentin (Ex. H, p. 1) and also Falsified her sworn declaration. see (Doc. 28-1, p. 169, pp 14), or see (Ex. L, p. 5, pp. 14).

On June 6, 2023, Plaintiff Files a grievance on denial by Warren to arrange any consults, ineffectiveness of gabapentin, denial of access to Defendant Salazar. see (Ex. D, p. 23-29).

Defendant Naphcare APDN, Miller states in her 7-25-23, responce "I have requested the medical provider consider a pain mgt. consult". see (Ex. D, p. 26). This consult never occured.

On June 7, 2023, Plaintiff Files a grievance for attempted deception by Defendant Warren in her statement to Plaintiff

during the 6-6-2023, HSE, promoting exercise, and not able to arrange any consults or communicate with Defendant Salazar. see (Ex. D, p. 30-36) In ADON Ulibarri's 6-28-2023, responce states "that Defendant Salazar has reviewed my medical files case and that providers cannot schedule me for a consult with Defendant Salazar. see (Ex. D, p. 31) more direct lies. see (Ex. J, p.13, pp3) and ADON Miller states " I have requested the medical provider consider a pain mgt. consult. see (Ex. D, p. 34). The consult never occured.

On June 13, 2023, Plaintiff files an HNR for discontinuation of ineffective lidocaine patches. see (Ex. C, p.16) and (Ex. H, p. 203).

On June 16, 2023, during HSE with Warren she discontinues ineffective Lidocaine patches and prescribes equally useless Solonpas Patches. see (Ex. H, p.4) and an exercise phamplet (Ex. F, p. 17-22). Warren refuses to address the fact that Defendant Biancardi stated I was a fall risk. see (Ex. F, p. 11-13). Warren once again denies Plaintiff access to a pain mgt. specialist and/or Defendant Salazar. Warren also stated she would put false statements in Plaintiffs medical record, by implying that Plaintiff demanded opiods.

On June 16, 2023, Plaintiff files a grievance for Warren putting false information in Plaintiff medical record, denial of any consults, and issuing a exercise phamplet fully knowing what Defendant Biancard stated. see (Ex. F, p. 11-13),

and (ex. D, p. 37-40). Warren lies again in her declaration that Plaintiff demanded opioids to sully Plaintiff's character to this court. see (ex. L, p. 5, pp. 15).

On June 19, 2023, in extreme pain and frustration, Plaintiff sends a letter to the Prison Law Office seeking any sort of directive or relief to his serious medical need. see (ex. I, p. 18, 19, 20).

On June 22, 2023 thru July 3, 2023 Plaintiff files four HNR's on cancellation of the Solonpas patches, a consult with Defendant Salazar, and extreme chronic nociceptive pain. see (ex. c, p. 18-21).

On July 4, 2023, during HSE with R.N Franklin Lonji in regard to Plaintiffs extreme chronic nociceptive pain. Lonji states he will discontinue Solonpas patches and prescribes equally ineffective Tylenol. see (ex. H, p. 8, 9, 10)

On July 8, 2023, Plaintiff files an HNR on being prescribed Tylenol and requests a pain management consultation. see (ex. c, p. 22).

On July 10, 2023, during HSE with Defendant Warren, she states that unless Plaintiff can provide proof of medications prior to incarceration she cannot provide any additional pain therapy or medication, she would not send Plaintiff for a pain mgt. specialist consult, arrange a consult with Defendant Salazar, or provide Cortisone injections for Plaintiffs hips, they

would have to be prescribed by an orthopedist. All complete lies, as per Defendants supposed policy. No one in medical department will provide a copy of said policy or the policy number. When Defendants responded to admissions during the discovery process all named defendants just passed the full authority all to Warren. see (ex. F, p. 23), (ex. J, p. 3, 6, 14, 15, 16, & 19) and (ex. L, p. 5 & 6), (ex. D, p. 44) (ex. I, p. 21) (ex. F, p. 23)

On July 11, 2023, Plaintiff files two HNR's requesting a pain mgt. consult and cortisone shots. see (ex. C, p. 23 & 24).

On July 19, 2023, Plaintiff has hip MRI's. The MRI's reveal severe bilateral joint space narrowing (bone on bone grading, sclerosis, morphologic flattening (femoral head collapse), amongst other negative findings. see (ex. A, p. 8, 9, 10).

On July 20, 2023, Plaintiff files on HNR regarding MRI's from 7-19-2023. see (ex. C, p. 25).

On July 21, 2023, during HSE with Warren regarding MRI's from 7-19-2023, she continues Gabapentin for foot neuropathy and states any consults or medications are up to the orthopedist. When Plaintiff calls Warren on this rediculous statement, Warren refuses to explain why Plaintiff has to continue to suffer until some hypothetical orthopedist, sometime in the future, decides what to do, as at this point Plaintiff is fully aware that Warren is nothing more than a dangerous

liar. Warren tells me to get out of her office, she does
not answer to Plaintiff. Warren has just lied about
the situation again. see (Ex. J, p. 3, 6, 10, 15, 16 & 19) (Ex. L,
p. 6, pp. 18) (Ex. F, p. 23). (Ex. D, p. 44) (Ex. F, p. 23). Plaintiff
is becoming hopeless and distressed from the extreme
chronic nociceptive pain, with no help and no end in sight.

On July 22, 2023, thru 8-9-2023, Plaintiff files six HNR's
for a pain mgt. Consult, a consult with Defendant Salazar,
and cancellation of ineffective Gabapentin as Warren
would claim adequit care was being provided from Gabapentin.
This of course turns out to be 100% true. see (Ex. C, p. 26-31).

On August 10, 2023, during HSE with Warren Plaintiff
is prescribed ineffective duloxetine (cymbalta). This
is a seratonin for diabetic neuropathy. see (Ex. H, p. 6,
11, 12) (Ex. L, p. 9). Plaintiff tells Warren that the foot
neuropathy is resulting from the severally damaged hips
crushing the nerves. Warren gets angry and insists use
Plaintiff his walker and denies all consults. see (Ex. L, p. 7,
pp. 21). Warren refuses to issue a wc SNO. see (Ex. L, p. 7,
pp. 21) or discuss Plaintiffs extreme chronic nociceptive
pain. see (Ex. H, p. 7, pp. 4)

On August 10, 2023, thru 8-26-2023, Plaintiff files six
HNR's on Warrens failure to even attempt to provide any
remedy for Plaintiffs extreme pain and requesting

cancellation of inappropriate, ineffective duloxetine, (cymbalta). see (EX. C, p. 32-37), (EX. H, p. 7, pp. 4), (EX. H, p. 13).

On August 31, 2023, during HSE with Defendant Warren, she prescribes ineffective, inappropriate Sulindac, a non-steroidal anti-inflammatory, see (EX. H, p. 7, pp. 4 & p. 13) for Plaintiffs extreme nociceptive chronic hip pain from bone on bone grinding, end stage osteoarthritis, advanced avascular necrosis amongst other findings. see (EX. A, p. 1-22) and (EX. B, p. 1-8)

Plaintiffs pain was never caused by inflammation and this is well documented since February of 2017. see (EX. A, p. 24-25). Defendants especially Warren since day one have refused to acknowledge or address Plaintiff's true medical needs. Only ever stating Plaintiff suffers from osteoarthritis. see (EX. L, p. 10, pp. 10)

Warren also again refuses to order any consults or arrange a HSE with Defendant Salazar.

On September 12, 2023, Plaintiff has a HSE with Dr. Cristina mary khoury, M.D., orthopedist. Dr. khoury then advised that both hips were severally degenerated and Plaintiff is suffering with both extremely painfull advanced avascular necrosis, and bone on bone grinding amongst other findings. Dr. khoury was shocked by the lack of timely medical care and inappropriate

pain treatment for Plaintiff's extreme chronic nociceptive pain previously recieved. Plaintiff tells Dr. khoury that a ADON at his unit was going to have Plaintiff sent to a pain management specialist. see (ex. D, p. 26 & 34). No consults ever occered.

Dr. khoury stated Plaintiff needed a RSW and use sno immediately, that a fall must be avoided at all cost, and bilateral complete hip replacements. Right hip first followed by the left within 4-6 weeks as the left hip would not support Plaintiff's weight.

On September 13, 2023, thru 9-21-2023, Plaintiff files five HNR's on cancellation of sulindac and contact with Dr. khoury. see (ex. C, p. 38-42).

On September 21, 2023, Plaintiff files a grievance in regard to medications. see (ex. D, p. 41-44). In ADON miller's responce she reveals Defendant Maphcare's unethical illegal policy of allowing and promoting the action of an unqualified individual (Defendant Warren) to change or otherwise override a medication prescription authored by a qualified medical specialist. see (ex. D, p.44) and (section V p., pp. 2 of this filing)

On September 22, 2023, during HSE with Defendant Warren prescribes ineffective Meloxicam, another NSAID,

used for pain, swelling and stiffness by osteoarthritis. see(ex. H, p.14). Warren orders Plaintiff a we sno, that had been denied since 4-17-23, and a RSW, and rsw sno, after directly lying about RSW's from 1-9-2023, till 9-22-2023. see (EX. D, p.1-9), (EX. 4, p. 5 ¢ 6)(EX. I, p. 1, 2, 3, 5, 6, 7, ¢ 13). The rsw is not recieved until 1-12-2024, see(EX. 4, p. 9) and (EX. 4, p. 88, pp. 15).

On October 3, 2023, Plaintiff files IL's to the Director of Contract Medical Services, Vanessa Headstream on improper post operative treatment, toenail trimming, and requesting a consult with Defendant Salazar, see (EX. I, p. 6, 7, 8). No responce.

On October 5, 2023, during chronic care HSE with Defendant Warren she refuses to discuss Plaintiff's extreme pain treatment, and denies any contact with Dr. khoury.

On October 5, 2023, Plaintiff files five HNR's requesting consults, discontinue Meloxicam, and contact with his orthopedic surgeon. see(EX. C, p. 43-47).

On October 16, 2023, Plaintiff files another IL to Defendant Salazar requesting a consult. see(EX. I, p. 9). As is the usual pattern-no responce. Plaintiff has been requesting a consult with Defendant Salazar, as Plaintiff knows that Warren has been lying to him since day one, refuses to provide needed medical equipment. see(EX. D

p. 1-4).

On October 18, 2023, and 10-20-2023, Plaintiff Files two HNR's requesting a consult with Dr. khoury, a pain mgt. specialist and discontinuation of Meloxicam, and extreme chronic pain. See (EX.C, p. 48, 49).

On October 23, 2023, Plaintiff Files two IL's to Vanessa Headstream on continued extreme pain and Defendants policies of ineffective post operative pain management, and denial of access to his orthopedist. see (EX.L, p.10-11). Plaintiff is never allowed access to his orthopedist, and there is no responce to IL's. see (EX.L, p.10 & 11).

On October 23, 2023, Defendant Warren submits her sworn decleration. The decleration is a shameless collection of misinformation, obfuscations, wordsmithing, and unproven statements. see (EX.L, p. 9-14).

On October 25, 2023, during HSE with Defendant Warren, she again denies Plaintiff access to his orthopedist, pain medication, consults, access to Defendant Salazar. Warren states then puts the bizzare lie in Plaintiffs medical File stating the orthopedist said to "delay any pain medication until after surgery so as not to mask symtoms. see (EX.M, p.16) Plaintiffs symtoms are well known for over six (6) years. There is no foundation for that unbelievable statement, and it becomes Warrens new excuse to deny meds.

On October 26, 2023, and 10-30-2023, Plaintiff files two HNN's requesting to speak to his orthopedist, Dr. khouy see (Ex. c, p. 50 & 51), access denied.

On November 2, 2023, during HSE with Defendant Warren she states that only the orthopedist can address any pain therapy or medications, yet denies Plaintiff any access to Dr. khouy. Complete lies anyway.

On November 6, 2023, Plaintiff files an HNR to discontinue the ineffective Celebrex. see (ex. c, p. 52, (Ex. H, P. 1A)

On November 15, 2023, during HSE with Defendant Warren on unrelated issues, she refuses to discuss remedies for Plaintiff's on-going nociceptive pain. see (ex. H, p. 1A).

On November 17, 2023, Plaintiff has his first telephone conversation with his new orthopedist, Dr. Joshua Silver, M.D., orthopedist. Dr. Silver's interpertations are shown see (EX. A, p. 17, 18, 19). Plaintiff relays Warrens 10-25-2023 statement on Dr. khouy denying Plaintiff the need for a pain management consult until after surgery in a months, Dr. silver disputes any colleque of his would ever suggest such a thing, nor would Warren have to comply with such a medically improper directive.

On November 18, 2023, Plaintiff files five HNN's, requesting consults with Defendant Salazar, pain mgt. specialist and contact with Dr. Silver, M.D.. see (ex. c, p. 53-57).

On November 30, 2023, Plaintiff Files thee grievances on Defendants refusal to respond to individual inmate letters within twenty (20) days per policy. see(Ex. D, p. 45-63).

On December 1, 2023, during HSE with Defendant Warren she again refuses to provide any consuts, access to Dr. Silver or Defendant Salazar, or treats Plaintiffs extreme chronic nociceptive pain. Warren then prescribes ineffective, inappropriate Tylenol ® 3000 mg. per day, see(Ex. H, p. 8, 9, 10) and then repeats her 10-25-23, statement about no pain management specialist and only the orthopedist can prescribe medication.

On December 1, 2023, Plaintiff Files a grievance in regard to Defendant Warren refusing access to his orthopedist Dr. Silver, M.D. (Ex. D, p. 64-69).

On December 1, 2023, thru 12-9-2023, Plaintiff Files three HNN's on the Tylenol prescription, and consult with Defendant Salazar smp. see (Ex. c, p. 58-60) and (Ex. H, p. 8-10), (Ex. H, p. 8-10).

On December 11, 2023, Plaintiff Files five IL's to the Defendant Salazar, Dr. Ryan Thornell, medical evaluation administrator, Deputy Warden Schmidt, and Vanessa Headstream, siting deliberate indifference and consultations. see(Ex. I, p. 12-16).

On December 11, 2023, Plaintiff Files four grievances for deliberate indifference, denial of access, failure to respond to IL's in violation of department order. see(Ex. D, p. 70-86).

On December 13, 2023, Plaintiff Files an IL To Director

Ryan Thurnell on post operative medications. see (Ex. I, p. 17).

On December 13, 2023, Plaintiff recieves a total right hip replacement (arthroplasty) see (ex. A, p. 1-4). Defendant Warren, Plaintiff only provider completely disregards all Dr. Silver, m.d. orthopedic specialist pain medication for post operative care. see (ex. M, p. 1-11).

On December 21, 2023, and 12-24-2023, Plaintiff Files HNR's on pain medication being ineffective. see (Ex. C, p. 61 & 62) and (Ex. M, p. 1-11).

On January 12, 2024, Plaintiff Finally recieves the KSW and eggcrate mattress denied from 12-19-2022, forward. see (Ex. G, p. 6-9).

On January 16, 2023, Plaintiff has his follow-up meeting with Dr. Joshua Silver, M.D.

On January 16, 2023, Dr. Silver approves the status of the right hip arthroplasty.

On February 26, 2024, Plaintiff files his responce to the Defendants filed Doc. 71 & 71-1, disputing all aspects of the Filings. see (Ex. M, p. 1-11). This is a partial of Plaintiffs Filing. and references (ex. D, p. 87-89).

On February 27, 2023, thru 5-21-2024, Plaintiff Files twelve (12) HNR's on medication dossage and issuance of a single point cane. see (ex. C, p. 63-75). Note single point cane never recieved. Plaintiff finds and uses a used one.

These are basically the only medical record from app. 1-16-2024 forward as all other records are missing since Plaintiff's staff iniated transfer from ASPC-Tucson-Catalina to ASPC-Tucson-Whetstone on June 7, 2024, except for the following.

On March 8, 2024, Plaintiff files two grievances on Tramadol medication and issuance of a conture cushion. sec (ex. D, p. 90-93). Plaintiff does not have a conture cushion, at this writing.

On April 3, 2024, Plaintiff recieves a total left hip arthroplasty.

On May 23, 2024, Plaintiff has a follow up appointment with Dr. Silver, m.p. on status of left hip. All good.

<u>LEGAL   STANDARD FOR</u>

IV     DENIAL OF SUMMARY JUDGEMENT

Denial of Summary Judgement to all named Defendants is proper if this Pro-Se Litigant can provide significant and probative evidence for such.

Plaintiff has provided through all previous filings including their respective attachments, declerations and exhibits extensive evidence of Defendants deliberate indifference to Plaintiffs extreme chronic nociceptive pain (injury) otherwise known as Plaintiff's "serious medical need", and with the filing of this responce/motion continue to provide an overwhelming amount of constructive evidence to this Court of the

validity of his Preliminary Injunction Claim, including all aspects of relef for the unconstitutional, inadequit treatment, that this vulnerable handicapped senior citizen has had to endure for sixteen (16) months.

Refusal by prison officials and their for profit contractor to respond and or act on inmate letters, and grievances is an admission of fault and deliberate indifference

To date Defendants have never provided any constuctive evidence to support their claims or statements. Defendant Napheare never revealed any of their supposed "Robust internal policies" they claim to have in their response to productions.

Plaintiffs exhibits will show that Defendants Warren, Miller and myers are shameless liars and anything they state or declare should be ignored and dismissed. Defendants Salazor and Biancardi display extreme deriliction to their hypocratic oath and all parameters of their respective obligations and authorities. Defendant Napheare is and has been under direct scrutiny of the Federal Court since Feb, 2012, and on September 13, 2024, Judge Rosylyne Silver contemplates a third Permenant Injunction against them.

Additionally Defendant Counsel should face heavy sanction by this Court for purposefull entirose violations of every facet of Fed. R. Civ. P. Rule 11, as they have no fear of any sanction or accountability.

Although Plaintiff is incarcerated for several bad decisions iniated by improper behavior following the murder of his daughter, Plaintiff is still a human being, a husband, father, grandfather, great grandfather, brother, Uncle, cousin, nephew, friend, partner, employer, and God fearing good man. Neither Plaintiff nor any other human being should ever be forced to endure the pain, suffering, and humiliation of begging for over a year for relief that never came from his urgent medical need.

Not one of for profit Napheares employees at any level could be bothered to assist a rapid resolve to Plaintiffs medical needs. When Defendant Napheare finally realized this Plaintiff was not going to just go away and suffer with Plaintiff having no option but to file his Preliminary Injunction for needed relief, they decided to just dig in and collectively lied to this Court and played cruel time delaying games, ultimitely resulting in Court sanctioned surgical remedy for exactly what Plaintiff stated was needed on December 19, 2022, his first day in the care of Napheare.

Plaintiff believes the attached 449 pages of constructive evidence hereby presented meets the standard for "significant", Further bolstering Plaintiffs responce for denial of Summary Judgement to all Defendants.

▽                RELEVANT  CASE  LAW

1.) "Patients are often the best source of information about their medical condition. A pysicians (provider) decision to persist with ineffective treatment and ignore a patients repeated complaints of unresolved pain and other symtoms can giverise to liability or at the very least, raise enough questions to warrant a jury trial." Goodloe v. Sood, 947 F.3d 1026 (7ᵗʰ Cir. 2020).

2.) "Refusal to provide an inmate with prescribed medication or follow advise of specialists can violate the amendment." Arnett v. Webster, 658 F.3d 742, 756 (7ᵗʰ Cir. 2011).

3.) "To prevail on a Eight Amendment claim of deliberate indifference to serious medical needs the prisoner/Plaintiff must prove that he suffered from one or more objectively serious medical needs. An objectively serious need medical need is one that is obvious to the layperson or supported by medical evidence like a physicians diagnosis." Robertson v. Bradshaw, 198 F.3d, 647 (8ᵗʰ Cir. 1999).

4.) "Inmate medical care decisions must be fact based with respect to the particular inmate, the severity and stage of his condition, the likelihood and imminence of further harm and the efficacy of available treatments." Roe v. Elyea, 631 F.3d, 843, 859 (7ᵗʰ Cir. 2011).