**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Christenson,<br><br>   Plaintiff,<br><br>v.<br><br>Alice Schroder Warren, et al.,<br><br>   Defendants. | No. CV-23-00181-TUC-AMM<br><br>**ORDER** |

Pending before the Court are pro se Plaintiff John J. Christenson's Motion for Court Monitoring of Untreated Known Deadly Disease (Doc. 147), Letter of Rogatory (Doc. 148), Motion for Updated Court Docket (Doc. 155), and Request for Guidance (Doc. 156). The Court will address each motion in turn.

**I. Background**

Plaintiff, who is currently incarcerated, brought this action alleging that Defendants NaphCare, Alice Warren, Abel Salazar, Robin Myers, Jennifer Davie, and Steven Biancardi failed to provide constitutionally adequate medical care to treat his bilateral hip degeneration and resultant pain. (Docs. 1, 50-1.) The Court screened Plaintiff's Complaint (Doc. 1) and Supplemental Complaint (Doc. 50-1 ¶¶ 68–180) pursuant to 28 U.S.C. § 1915A(a). The Court concluded that Plaintiff stated an Eighth Amendment claim, and it ordered Defendants to file an answer. (Docs. 8, 62.)

On July 3, 2024, Defendants filed a Motion for Summary Judgment. (Doc. 106.) The matter was fully briefed. (Docs. 106, 134–35.) On March 31, 2025, the Court granted

summary judgment in part and dismissed Defendants Biancardi, Davies, Myers, and NaphCare. (Doc. 140 at 30.) The Court, however, denied summary judgement as to Plaintiff's Eighth Amendment claim against Defendants Warren and Salazar. (*Id.*) This matter was referred for a settlement conference. (*Id.*)

A settlement conference was held before Magistrate Judge Michael A. Ambri on December 3, 2025. (Doc. 154.) The parties did not reach a settlement. (*Id.*)

## II.     Motion for Court Monitoring of Untreated Known Deadly Disease and Letter of Rogatory

Plaintiff filed a Motion for Court Monitoring of Untreated Known Deadly Disease (Doc. 147) and Letter of Rogatory (Doc. 148). The motion was fully briefed shortly before the settlement conference. (Docs. 147, 150, 153.) Defendants did not respond to Plaintiff's Letter of Rogatory. Because the letter raises the same arguments as the motion, the Court will construe Plaintiff's letter as a supplement.[1]

Plaintiff states that he learned he contracted syphilis on April 18, 2025. (Doc. 147 at 2.) He alleges that Defendants have not provided the necessary medical care to treat this disease. (*Id.*) Plaintiff also states that he has "another mystery and very painful left knee infection and balance issues, possibly from long term untreated 'chronic' treatable deadly venereal disease[.]" (*Id.*) He asks the Court to "weekly monitor Plaintiff's medical care." (*Id.* at 3.) Plaintiff further seeks that "all referrals and requests be fielded by 'offsite' providers" and "a Rule 706 court appointed medical expert for oversite." (*Id.* at 6.)

In his Letter of Rogatory, Plaintiff further asserts that Defendants have not offered a plan of care regarding Plaintiff's syphilis. (Doc. 148 at 1.) He asks for copies of "all communications regarding this known deadly disease from December 19, 2022 . . . ." (*Id.* at 2.)

---

[1] The Court may "ignore the legal label that a *pro se* litigant attaches to a motion" and interpret the filing "to create a better correspondence between the substance of a *pro se* motion's claims and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

Defendants oppose the motion. (Doc. 150.) They argue that Plaintiff seeks preliminary injunctive relief over which the Court lacks authority because Plaintiff's claims regarding his venereal disease are not at issue in this lawsuit. (*Id.* at 1–2.)

The Court agrees. As such, the Court will deny the Motion for Court Monitoring of Untreated Known Deadly Disease and Letter of Rogatory. As a threshold matter, Plaintiff seeks injunctive relief because he asks the Court to intervene to preserve his rights prior to an adjudication on the merits of his claim. *See, e.g.*, *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) ("This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause.").

A district court "lacks authority" to grant relief unless there is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). No such relationship exists where the "requested relief was not tied to the claims in the complaint." *Pinson v. Estrada*, 812 Fed. App'x 701, 702 (9th Cir. 2020) (affirming denial of motion for injunctive relief to require defendants to provide certain medical care because, although the underlying complaint alleged medical claims, they were not sufficiently related to the medical claims raised in the motion for injunctive relief); *Atwood v. Days*, No. CV 20-00623-PHX-JAT (JZB), 2021 WL 5811800, at *9 (D. Ariz. Dec. 7, 2021) (same).

Plaintiff's Motion for Court Monitoring of Untreated Known Deadly Disease and Letter of Rogatory raise issues that are not sufficiently related to this case. The only claim remaining in this case is that Defendants Warren and Salazar failed to provide adequate medical care to treat Plaintiff's degenerative hip condition. (Docs. 1, 50-1.) His present claims regarding a venereal disease, though medical in nature, are not related to his degenerative hip condition nor the Eighth Amendment allegations against Defendants

Warren and Salazar. Accordingly, the Court will deny the Motion for Court Monitoring of Untreated Known Deadly Disease and Letter of Rogatory.

### III. Request for Guidance

On December 5, 2025, Plaintiff filed a "request [for] guidance from this Court on how to proceed with Plaintiff's approach to the continued deliberate indifference to Plaintiff's urgent medical needs, including monitoring and treatment." (Doc. 156 at 1.) He references his Motion for Court Monitoring of Untreated Known Deadly Disease. (*Id.*)

For the reasons explained above, the Court will deny Plaintiff's Request for Guidance as moot. Because the Court denies Plaintiff's Motion for Court Monitoring of Untreated Known Deadly Disease, there are no further steps Plaintiff must take on the motion.

### IV. Motion for Updated Court Docket

On December 5, 2025, Plaintiff simultaneously filed a motion asking for a copy of the docket in this matter and a status update. (Doc. 155.) The Court will grant the motion and direct the Clerk of Court to send Plaintiff a copy of the docket.

Furthermore, because the Court denied summary judgment on Plaintiff's Eighth Amendment claim against Defendants Warren and Salazar, and the parties did not reach a settlement, this matter is ripe to proceed to trial. The Court will set a status conference with the parties to discuss next steps.

///
///
///
///
///
///
///
///
///

V.   **Conclusion**

For the foregoing reasons,

**IT IS ORDERED:**

(1) Plaintiff's Motion for Court Monitoring of Untreated Known Deadly Disease is **DENIED**. (Doc. 147.)

(2) Plaintiff's Letter of Rogatory is **DENIED**. (Doc. 148.)

(3) Plaintiff's Request for Guidance is **DENIED AS MOOT**. (Doc. 156.)

(4) Plaintiff's Motion for Updated Court Docket is **GRANTED**. (Doc. 155.) The Clerk of Court **SHALL** send a copy of the latest docket in this matter to Plaintiff along with a copy of this Order.

(5) A status conference in this matter is **SCHEDULED** for **Tuesday, January 13, 2026 at 11:00 a.m.** before the Hon. Angela M. Martinez. Plaintiff may appear telephonically.

Dated this 22nd day of December, 2025.

_____
Honorable Angela M. Martinez
United States District Judge